**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MONTANA WILDERNESS
ASSOCIATION; GREATER
YELLOWSTONE COALITION; THE
WILDERNESS SOCIETY, INC.,

        Plaintiffs,

   and

CITIZENS FOR BALANCED USE;
KENNETH ZAHN; BIG SKY
SNOWRIDERS; GALLATIN VALLEY
SNOWMOBILE ASSOCIATION,

        Plaintiffs - Appellants,

   v.

KATHLEEN MCALLISTER, Regional
Forester for Region 1; REBECCA
HEATH; UNITED STATES FOREST
SERVICE,

        Defendants-counter-
        defendants - Appellees,

TREASURE STATE ALLIANCE;
MONTANA TRAIL VEHICLE RIDERS
ASSOCIATION; MONTANA
SNOWMOBILE ASSOCIATION;

No. 09-36051

D.C. Nos.    9:07-cv-00039-DWM
               1:07-cv-00059-DWM

MEMORANDUM[*]

 

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

UNITED FOUR-WHEEL-DRIVE
ASSOCIATIONS; BLUE RIBBON
COALITION, INC.,

   Defendant-intervenors -
   Appellees.

MONTANA WILDERNESS
ASSOCIATION; GREATER
YELLOWSTONE COALITION; THE
WILDERNESS SOCIETY, INC.;
CITIZENS FOR BALANCED USE;
KENNETH ZAHN; BIG SKY
SNOWRIDERS; GALLATIN VALLEY
SNOWMOBILE ASSOCIATION,

   Plaintiffs - Appellees,

  v.

KATHLEEN MCALLISTER, Regional
Forester for Region 1; REBECCA
HEATH; UNITED STATES FOREST
SERVICE,

   Defendants-counter-
   defendants - Appellants,

  and

TREASURE STATE ALLIANCE;
MONTANA TRAIL VEHICLE RIDERS
ASSOCIATION; MONTANA
SNOWMOBILE ASSOCIATION;
UNITED FOUR-WHEEL-DRIVE
ASSOCIATIONS; BLUE RIBBON
COALITION, INC.,

   Defendant-intervenors.

No. 09-36058

D.C. No. 9:07-cv-00039-DWM

| | |
|---|---|
| MONTANA WILDERNESS ASSOCIATION; GREATER YELLOWSTONE COALITION; THE WILDERNESS SOCIETY, INC.; CITIZENS FOR BALANCED USE; KENNETH ZAHN; BIG SKY SNOWRIDERS; GALLATIN VALLEY SNOWMOBILE ASSOCIATION, <br><br>     Plaintiffs - Appellees, <br><br>   v. <br><br> KATHLEEN MCALLISTER, Regional Forester for Region 1; REBECCA HEATH; UNITED STATES FOREST SERVICE, <br><br>     Defendants-counter-defendants, <br><br>   and <br><br> TREASURE STATE ALLIANCE; MONTANA TRAIL VEHICLE RIDERS ASSOCIATION; MONTANA SNOWMOBILE ASSOCIATION; UNITED FOUR-WHEEL-DRIVE ASSOCIATIONS; BLUE RIBBON COALITION, INC., <br><br>     Defendant-intervenors - Appellants. | No. 09-36080 <br><br> D.C. No. 9:07-cv-00039-DWM |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted June 7, 2011
Submission Withdrawn June 17, 2011
Resubmitted November 22, 2011
Portland, Oregon

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Citizens for Balanced Use, et al. (Citizens), a coalition of motorized recreation groups, brought this action under the Administrative Procedure Act, alleging that the Final Environmental Impact Statement (FEIS) prepared by the United States Forest Service in conjunction with its 2006 Gallatin National Forest Travel Management Plan (Travel Plan) violates the National Environmental Policy Act (NEPA). The district court granted summary judgment to the Service.[1] We affirm.

1. Response to comments. Citizens argues that the Service should have included in the FEIS a formal response to "a large binder of miscellaneous documents" Citizens submitted, even though the binder contained "no introduction or even a discussion of the reason" Citizens submitted it. We disagree. An agency cannot be faulted for declining to respond to "cryptic and obscure" comments like this one. *Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, Inc.*, 435 U.S. 519, 554 (1978). We reject Citizens' unsupported argument that the Service's

---

[1] A coalition of environmental groups (Montana Wilderness Association, et al., or MWA) challenged the FEIS and Travel Plan in a separate lawsuit that was consolidated with this one in the district court. We address MWA's claims in an opinion filed concurrently with this memorandum disposition.

decision to allow Citizens to file an administrative appeal of the Travel Plan demonstrates that Citizens must have submitted a cogent substantive comment warranting formal NEPA response.

Citizens also contends that the Service should have responded to several comments submitted by Dr. Kenneth Zahn. We agree with the Service, however, that it adequately responded to the substance of Dr. Zahn's comments in the FEIS, even if it did not discuss the comments explicitly. *See Navajo Nation v. U.S. Forest Serv.*, 479 F.3d 1024, 1056-57 (9th Cir. 2007), *adopted in relevant part*, 535 F.3d 1058, 1079 (9th Cir. 2008) (en banc).

2. <u>No-action alternative</u>. Citizens' contention that the Service failed to consider a valid no-action alternative, as required by 40 C.F.R. § 1502.14(d), is without merit. Because the Service was uncertain how it would ultimately implement the Regional Forester's 2001 Off-Highway Vehicle (OHV) Decision, it constructed *two* no-action alternatives. Alternative 1 would have continued uses allowed under the Service's most recent travel planning document, and Alternative 2 attempted to model future management actions that might be taken to implement the 2001 OHV Decision. We find nothing unreasonable about the Service's formulation of these no-action alternatives. *See Kilroy v. Ruckelshaus*, 738 F.2d 1448, 1453-54 (9th Cir. 1984) (holding that, by discussing both the status quo and an alternative reflecting a potential policy shift that might be implemented in light

5

of recent legislative changes, the agency satisfied the no-action alternative requirement). In fact, we find it ironic that, despite contending that Alternative 1 improperly *failed* to implement the 2001 OHV Decision, Citizens nonetheless attacks Alternative 2, which attempted to model future management actions that might be taken to implement the Decision, as impermissibly adopting a new management direction.

3. <u>Range of alternatives</u>. We also reject Citizens' contention that the Service did not consider a reasonable range of alternatives because it failed to include an appropriate alternative increasing motorized access. Alternative 1 would have increased motorized access that may otherwise be foreclosed through implementation of the 2001 OHV Decision. Citizens is correct that the Service did not ultimately *favor* Alternative 1, but that does not mean it was not a reasonable or feasible alternative. *See City of Carmel-by-the-Sea v. U.S. Dep't of Transp.*, 123 F.3d 1142, 1159 (9th Cir. 1997) (rejecting a challenge to the range of alternatives where "[n]o one alternative fulfilled all the [project] goals completely," the agency reasonably selected the alternative it deemed most suitable and "[u]ltimately, [the plaintiff's] disagreement with the [FEIS] appears to be a substantive one").

4. <u>Cumulative impacts</u>. Assuming NEPA requires discussion of cumulative recreational impacts at all – a proposition the Service disputes – the FEIS adequately discussed the cumulative impact of the Travel Plan and other past

6

management decisions on motorized recreational access. The FEIS explained that current recreational opportunities in the Gallatin are the result of an accumulation of management decisions, and discussed the "net effect" of these decisions. There was no failure to analyze "individually minor but collectively significant actions taking place over a period of time." 40 C.F.R. § 1508.7.

**AFFIRMED.**